# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RBC CAPITAL MARKETS, LLC** | § | |
| *Petitioner* | § | |
| | § | |
| | § | **No. 1:25-cv-01436-RP** |
| **v.** | § | |
| | § | |
| **JOSEPH SEIDLER,** | § | |
| *Respondent* | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Petitioner's Motion to Confirm Arbitration Award (Dkt. 6), filed November 6, 2025.[1] No response was filed.

### I.    Background

Petitioner RBC Capital Markets, LLC brings this suit under Section 9 of the Federal Arbitration Act ("FAA") seeking to confirm an arbitration award rendered in its favor in a Financial Industry Regulatory Authority ("FINRA")[2] arbitration.

### A. Petitioner's Allegations

RBC alleges the following in its Complaint and Motion to Compel Arbitration (Dkts. 1, 6): RBC is a New York-based broker-dealer and member of FINRA. Dkt. 6 ¶ 1. Joseph Seidler, an Austin, Texas resident, worked as a financial advisor for RBC from June 2021 until September

---

[1] By Text Order entered January 6, 2026, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

[2] FINRA is a private self-regulatory organization that writes and enforces rules that govern its member brokerage firms and individuals associated with those firms. *Smith v. U.S. Sec. & Exch. Comm'n*, 171 F.4th 798, 806 (6th Cir. 2026).

2024. *Id.* ¶ 2. Seidler was an "associated person" as defined in FINRA.[3] On June 17, 2021, Seidler and RBC executed an Employment Agreement and Promissory Note ("2021 Note") in which RBC agreed to loan Seidler $10,030,848. Dkt. 6-1 at 3. The Employment Agreement and 2021 Note provided that "in the event of the termination of his employment with RBC," Seidler was required to "immediately repay to RBC" the outstanding amount on the note. *Id.* Seidler and RBC executed a second Loan Agreement and Promissory Note on July 11, 2022 ("2022 Note"), in which RBC agreed to loan Seidler $728,025 under the same terms as the 2021 Note. Dkt. 6-3.

In addition to the loans, RBC paid Seidler in advance for certain Investment Advisor Group ("IAG") program fees. *Id.* ¶ 15. Although IAG fees "are billed and credited to a financial advisor's gross production in advance, the fees are not vested until the billing quarter is complete. Any paid but unearned compensation must be repaid." *Id.* Seidler "had insufficient net pay during the tax year 2024 to cover his tax liabilities and/or benefit deductions (the Net Pay Shortfall)." *Id.* ¶ 17.

Seidler was terminated on September 10, 2024. Dkt. 6 ¶ 18. "At that time, the unforgiven portion of his Agreements totaled $7,681,402.83, and it became immediately due and payable." *Id.* Seidler also owed RBC $6,323.34 in unearned IAG fees and $250,295.32 for the Net Pay Shortfall. *Id.* ¶ 17. Seidler has not repaid "any portion of the balance due" on the loans or other fees. *Id.* ¶ 18.

**B. Arbitration**

The "Required Arbitration" provision in FINRA's Code of Arbitration Procedure for Industry Disputes provides:

---

[3] "Associated person" is defined in the FINRA Code of Arbitration Procedure for Industry Disputes as: (1) A natural person who is registered or has applied for registration under the Rules of FINRA; or (2) A sole proprietor, partner, officer, director, or branch manager of a member . . . or a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with FINRA." FINRA Rule 13100(b), (u), https://www.finra.org/rules-guidance/rulebooks/finra-rules/13100.

Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:

- Members;

- Members and Associated Persons; or

- Associated Persons.

FINRA Rule 3200(a), https://www.finra.org/rules-guidance/rulebooks/finra-rules/13200#the-rule.

On February 26, 2025, RBC filed an arbitration claim with FINRA Dispute Resolution Services, alleging that Seidler breached his Employment Agreement and defaulted on the 2021 and 2022 Notes and seeking an award compensating it for the outstanding loan balance, IAG fees, Net Pay Shortfall, interest, attorneys' fees, and costs. *Id.* at 2-4. Although Seidler was properly served and had access to all documents filed in the case, he did file an answer to the arbitration claim. Dkt. 6-11 at 5.

On June 2, 2025, Arbitrator Maryanne M. Esser issued a Final Arbitration Award under Rule 13807(e), awarding RBC:

(1) $7,121,902.08 for the unpaid principal on the 2021 Note, plus interest at the rate of 1.02% per annum from September 10, 2024, through and including the date the award is paid in full;

(2) $559,500.75 for the unpaid principal on the 2022 Note, plus interest at the rate of 2.95% per annum from September 10, 2024, through and including the date the award is paid in full;

(3) $250,295.32 for the Net Pay Shortfall;

(4) $6,323.34 for unearned IAG fees;

(5) $5,403.18 in attorneys' fees;

(6) $3,375.00 to reimburse RBC for the non-refundable portion of the filing fee previously paid to FINRA; and

(7) $300 to reimburse RBC for the Paper Decisions Fee previously paid to FINRA.

*Id.* at 5-6. "Unless the applicable law directs otherwise, all awards rendered under the Code are final and are not subject to review or appeal." FINRA Rule 13904(b), https://www.finra.org/rules-guidance/rulebooks/finra-rules/13904. Seidler did not file an application to correct or modify the Arbitration Award with the Arbitrator. Dkt. 6 ¶ 26.

RBC moves the Court to confirm the Arbitration Award under Section 9 of the Federal Arbitration Act and issue a final judgment. Once again, Seidler did not respond.

## II.    Legal Standards

The Federal Arbitration Act provides that pre-dispute arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 471-72 (5th Cir. 2012). This standard of review has been described as "severely limited" and "one of the most deferential standards 'known to the law.'" *Commc'ns Workers of Am., AFL-CIO v. Sw. Bell Tel. Co.*, 953 F.3d 822, 826 (5th Cir. 2020) (citations omitted).

RBC moves to compel the Arbitration Award under Section 9, which provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon **the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.**

9 U.S.C. § 9. Thus, "[o]n application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'" *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). Section 10

4

lists grounds for vacating an award,[4] while § 11 names grounds for modifying or correcting one.[5] "The burden of proof is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it." *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016)

Although Seidler did not file a response to the Motion to Compel Arbitration and does not move to vacate or modify the Arbitration Award, the Court may not grant the substantive motion as unopposed; instead, the Court must treat the motion as an unopposed motion for summary judgment. *Peak Commc'ns, Inc. v. Billing Concepts, Inc.*, No. SA-23-CV-0328-FB, 2023 WL 12263952, at *1 (W.D. Tex. June 8, 2023); *SmartPrice.com, Inc. v. Long Distance Servs., Inc.*, No. SA-07-CV-087-XR, 2007 WL 1341412, at *3 (W.D. Tex. May 4, 2007).

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). Once the moving party has made an initial showing that no evidence supports the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*

---

[4] Section 9 provides that a court "may make an order vacating the award upon the application of any party to the arbitration" when (1) "the award was procured by corruption, fraud, or undue means;" (2) "there was evident partiality or corruption in the arbitrators, or either of them;" (3) "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;" or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10.

[5] Section 10 provides that a court may modify or correct "the award upon the application of any party to the arbitration" when (1) "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award"; (2) "the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted"; or (c) "the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.

5

*Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). If the nonmoving party does not make a showing sufficient to show the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.    Analysis

The Court finds that RBC has sustained its initial burden under Rule 56(a) to show that (1) RBC and Seidler agreed to arbitrate any disputes arising out of their business activities under FINRA Rule 13200(a); (2) the alleged breach of the Employment Agreement, the 2021 Note, and the 2022 Note arise out of the parties' business activities; and (3) the FINRA Arbitrator issued a valid and enforceable Final Arbitration Award under FINRA Rule 13904. Dkt. 6-1-6-11. Because Seidler did not respond to the Motion to Compel Arbitration, he has not sustained his burden under Rule 56(a) that the Arbitration Award should be vacated, modified, or corrected. *Celotex*, 477 U.S. at 322-23 (stating that summary judgment must be granted if plaintiff fails to sustain his burden to establish a genuine fact issue); *Cooper*, 832 F.3d at 544 (stating that the burden is on the party moving to set aside an arbitration award). Accordingly, the Court "must" confirm the Final Arbitration Award. *Hall St. Assocs.*, 552 U.S. at 587; *Cooper*, 832 F.3d at 544.

### IV.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court:

(1) **GRANT** Petitioner RBC Capital Markets, LLC's Motion to Confirm the Arbitration Award (Dkt. 6); and

(2) **ENTER** a Final Judgment confirming the Arbitration Award (Dkt. 6-11 at 4-7), closing the case, and awarding RBC Capital Markets, LLC:

(a) $ 7,121,902.08 for the unpaid principal on the 2021 Note, plus interest at the rate of 1.02% per annum from September 10, 2024, through and including the date the award is paid in full;

(b) $559,500.75 for the unpaid principal on the 2022 Note, plus interest at the rate of 2.95% per annum from September 10, 2024, through and including the date the award is paid in full;

6

(c) $250,295.32 for the Net Pay Shortfall;

(d) $6,323.34 for unearned IAG fees;

(e) $5,403.18 in attorneys' fees;

(f) $3,375.00 to reimburse RBC for the non-refundable portion of the filing fee previously paid to FINRA; and

(g) $300 to reimburse RBC for the Paper Decisions Fee previously paid to FINRA.

The Court **ORDERS** the Clerk to **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 11, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE